## J. W. ROBISON v. THE STATE.

### No. 4039. Decided April 12, 1916.

**1.—Carrying Pistol—Sufficiency of the Evidence.** .

Where, upon trial of unlawfully carrying a pistol, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Evidence—Immaterial Testimony.**

Upon trial of unlawfully carrying a pistol, there was no error in sustaining an objection by the State to certain testimony why defendant was at the place of a negro function if he had a pistol, unless he had the right to carry it under some statutory exception, which was not claimed; this was not of sufficient importance, even if the court was in error, to require a reversal. ·

**3.—Same—Evidence—Competent Witness—Rule Stated.**

The fact that a witness stands charged with a felony under an indictment does not render him incompetent to testify as a witness for the State, even when he is indicted for the same offense as the party on trial.

**4.—Same—Verdict—Form of.**

Where, upon trial of unlawfully carrying a pistol, the verdict was as follows: "We, the jury, find the defendant guilty and assess his punishment at . one hundred dollars. (Signed) J. M. Waddell, Foreman," the same was sufficient and responded to the information and the charge of the court.

Appeal from the County Court of Fisher. Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. D. Barker,* for appellant.—On question of sufficiency of the evidence: State v. Webb, 41 Texas, 67; Turner v. State, 38 id., 167.

On question of verdict: Haney v. State, 2 Texas Crim. App., 504; Collins v. State, 6 id., 647.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of verdict: O'Docharty v. State, 57 S. W. Rep., 657; Short v. State, 29 S. W. Rep., 1072.

DAVIDSON, JUDGE.—Appellant was convicted of violating the pistol law, his punishment being assessed at a fine of $100.

The evidence is in direct and positive conflict. The State shows appellant had the pistol at the time and under the circumstances stated in the facts. The evidence for the appellant contradicts emphatically and strongly the State's witnesses and testimony. The record being in this shape on the sufficiency of the evidence, this court would not be justified in reversing for this reason.

A bill of exceptions was reserved to the action of the court sustaining the State's exception to testimony offered to explain why appellant was at a negro dance and supper at the time the pistol was said to have

been exhibited. The evidence, which was excluded, was as follows: "I have been down to this negro dive three times during the fall and winter. I went two times at the instance and request of R. I. Smith, constable of precinct No. 3, Fisher County, as a peace officer. Christmas time, the last time, the time of the trouble occurred, I went along with several friends, just merely to be going, through curiosity, to watch the negroes dance." This was offered as an explanation of his presence at the negro dance and supper. While this testimony may have been admissible, it is of no weight or moment. It would make no material difference why appellant was at the place of the negro function if he had a pistol and exhibited it, unless he had the right to carry it under some statutory exception. It is not claimed that his visit on this occasion was as a peace officer. Whether this testimony was erroneously rejected or not, it is not of sufficient importance, even if the court was in error, to require a reversal.

Another bill recites that while Albert Simpson was testifying for the State he was asked the following question by State's counsel: "Were you the negro who was fighting Louis Lockett and did you have a pistol and did you shoot Louis Lockett?" Appellant objected, first, because Albert Simpson was charged with assault with intent to murder the same man at the same time; second, being charged with the offense of assault with intent to murder, same being a felony, he was not a competent witness for the State. We do not think there is any merit in any one of these grounds. The court having overruled both, the witness further testified as follows: "Yes, I was fighting Louis Lockett. I did not have a pistol. I did not shoot Louis Lockett. I do not know who shot him. Yes, I am now confined in jail under charge with assault with intent to murder." The fact that the witness stands charged with a felony under an indictment does not render him incompetent as a witness for the State, even when he is indicted for the same offense as the party on trial. The statute permits the use of such witnesses under the circumstances stated in the statute.

It is also contended that the verdict is insufficient, unintelligible, unmeaning, and does not respond to the information filed, and is not clear as to its meaning, said verdict being word for word as follows: "We the jury find the defendant guilty, and assess his punishment at one hundred dollars. (Signed) J. A. Waddell, Foreman." We are of opinion that the verdict is sufficient. It responds to the information, and to the court's charge  Appellant was only charged with carrying a pistol, and the court appropriately charged the punishment. We think the verdict is sufficiently intelligible and not subject to the criticisms.

The judgment will be affirmed.

*Affirmed.*